**30**

SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Michael RISMAN, also known as Graham Baker, Lenny Nacher, also known as Alexander Hamilton, also known as Stuart Jeffries, Stephen Dale, also known as Dane Templeton, Defendants,

Alan Benlolo, also known as Allen Bender, also known as Haime Escalante, also known as Stuart Jeffries, Defendant–Appellant.

No. 00–6244.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Alan Benlolo, Thornhill, Ontario, Canada, pro se.

David M. Becker, General Counsel, SEC; Jacob H. Stillman, Solicitor; Leslie E. Smith, Senior Litigation Counsel; Susan K. Straus, Attorney; and Meyer Eisenberg, Deputy General Counsel, on the brief, Washington, DC, for appellee.

Present CARDAMONE, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Alan Benlolo appeals from a default judgment entered against him for violations of the antifraud provisions of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Sections 10(b) and 15(c)(1)(A) of the Exchange Act, 15

U.S.C. 78j(b) & 78o (c)(1)(A), and Exchange Act Rules 10b–5, 17 C.F.R. 240.10b–5, and 15c 1–2, 17 C.F.R. 240.15c 1–2 and the broker-dealer registration provisions of Section 15(a) of the Exchange Act, 15 U.S.C. 78o(a). The default judgment enjoined Benlolo from future violations of the securities laws and held him, along with defendants Nacher and Dale, jointly and severally liable to pay disgorgement plus prejudgment interest for a total of $670,365.

Previously, on September 2, 1997, Benlolo had pled guilty in the United States District Court for the Middle District of Pennsylvania to various counts of conspiracy to commit mail and wire fraud relating to the sale of securities and precious metals. He was sentenced to eighteen months in prison and three years of supervised release, and ordered to pay $400,000 in restitution to investors. Benlolo was deported to Canada upon his release from prison in April 1999.

On appeal, Benlolo contends that (1) the district court erred in entering the default judgment against him because his prior deportation prevented his appearance to defend the suit and (2) the disgorgement order entered by the district court duplicatively overlaps with the restitution order entered against him by the district court for the Middle District of Pennsylvania.

The district court did not err in entering the default judgment against Benlolo. Notwithstanding his deportation, he could have defended by an attorney or communicated with the court by mail. *See Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, (2d Cir.1991) ("A default should not be set aside when it is found to be willful."), *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1078 (2d Cir.1995) (indicating that a finding of willful default will result where a defendant deliberately chooses not to appear in an action).

We also reject his argument that the disgorgement order will provide victims with double recovery. In administering the disgorgement fund, the SEC will be under obligation to ensure that payments to victims are not made in a manner that would duplicate compensation already received from the restitution award. *Cf. SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir.1996) (permitting joint and several liability for securities violations, but noting that "[n]o more than the total amount of ... unlawful profits, plus interest on those amounts, is to be disgorged"). If portions of the disgorgement fund remain after full restitution has been made to the victims, the remainder must be returned to the defendant.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.